UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALFONSO PRADO-MENDOZA (1)<br><br>　　　　　　　　　　　Defendant. | Case No. 18-CR-3445 (DMS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

　　　　Before the Court is Defendant Alfonso Prado-Mendoza's Motion for Early Termination of Supervised Release.[1] (ECF No. 30.) The United States filed a response in opposition. (ECF No. 34.) For the reasons stated herein, Defendant's motion is denied.

/ / /

/ / /

---

[1] Defendant sent a letter to the Court requesting that his probation/parole be terminated because he was not "serving a sentence[] for any offen[se]" and specified that this "petition" was filed pursuant to sections 1203.4(b) (discharge of probation) and 1203.49 (defendants convicted of solicitation or prostitution; petition of relief) of the California Penal Code. (Def's Mot. (ECF No. 30) at 1.) Because *pro se* pleadings must be construed liberally, the Court interprets Defendant's letter as a petition for termination of supervised release under 18 U.S.C. § 3583(e)(1). *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[C]ourts must construe pro se pleadings liberally.")

# I.

# DISCUSSION

On July 5, 2018, Border Patrol agents apprehended Defendant approximately one mile north of the U.S.-Mexico border. (Pre-Sentence Report ("PSR"), ECF No. 23, at ¶ 4.) Defendant was subsequently charged with illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b). (Information, ECF No. 7.) On October 9, 2018, Defendant pleaded guilty subject to a plea agreement, which included an acknowledgement that his plea may have "adverse immigration consequences," including removal. (Plea Agreement, ECF No. 20, at 4.) In his plea agreement, Defendant agreed to refrain from seeking termination of supervised release until he served two-thirds of his term. (*Id.* at 10–11.) He also waived his right to appeal or collaterally attack his sentence, unless he received a sentence higher than the high end of the Guideline range or had a claim for ineffective assistance of counsel. (*Id.*)

Taking into account Defendant's extensive criminal history, including several convictions for non-immigration-related offenses and multiple criminal immigration offenses and removals, (*see generally* PSR at ¶¶ 21–33), this Court sentenced Defendant to 15 months custody (the low end of the Guideline range) along with two years of supervised release. (Judgment, ECF No. 27.) The Judgment specified that if Defendant was deported, he could not re-enter the United States. (*Id.*) It further specified that supervision would be "waived upon deportation[.]" (*Id.*) Defendant was sentenced on January 4, 2019, and was released from Bureau of Prisons ("BOP) custody and placed in immigration custody on approximately July 26, 2019. (Govt's Opp'n Br. ("Opp'n Br."), ECF No. 34, at 3.) Defendant filed the instant motion on November 22, 2019. (ECF No. 30.) Defendant was removed from the United States on or around February 28, 2020. (Opp'n Br. at 3.)

Section 3583(e)(1) of Title 18 of the United States Code authorizes a district court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the

Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In doing so, the court must also consider the sentencing guideline factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See id.*

Although supervision of Defendant was waived upon his removal, the removal of Defendant does not moot his motion. *See United States v. Rivas-Gonzalez*, 384 F. 3d 1034, 1042 (9th Cir. 2004) (concluding case was not mooted even though the defendant had been deported, because "[w]ere [he] to reenter the United States, he would be required to comply with the conditions of his yet unserved two-year term of supervised release.") Nevertheless, the Government contends Defendant's motion must be denied because Defendant is barred from seeking termination of supervised release until two-thirds of his term is complete under the terms of his plea agreement. (*See* Plea Agreement at 10.) Indeed, Defendant is not permitted to file the present motion until 16 months of his term of supervised release is completed—sometime in November 2020. Furthermore, the Court is unpersuaded that the factors set forth in 18 U.S.C. § 3553(a) weigh in favor terminating supervision early for Defendant. Defendant has entered the United States illegally on several occasions, and accordingly, the term of supervised release is necessary to "afford adequate deterrence to criminal conduct." *See* 18 U.S.C. § 3553(a)(2)(B).

## II.

## CONCLUSION AND ORDER

Defendant's motion for early termination of supervised release is therefore denied. **IT IS SO ORDERED.**

Dated: September 9, 2020

Hon. Dana M. Sabraw
United States District Judge

00-CR-1695